**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ANTHONY KIRKSEY,                :
                                :    Civil Action No. 06-477 (RBK)
            Petitioner,         :
                                :
       v.                       :         **O P I N I O N**
                                :
CHARLES E. SAMUELS,             :
                                :
            Respondent.         :

**APPEARANCES:**

Anthony Kirksey, Pro Se             John Andrew Ruymann
#13226-039                          Assistant U.S. Attorney
F.C.I. Fort Dix                     402 East State Street
P.O. Box 7000                       Room 430
Fort Dix, NJ 08640                  Trenton, NJ 08608
                                    Attorney for Respondent

**KUGLER**, District Judge

Petitioner Anthony Kirksey, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the sentence pursuant to which he is confined.  Respondent is the warden of the

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

facility in which he is confined, Charles E. Samuels.  On March 22, 2006, Petitioner filed a Motion to Amend and a Motion for Summary Judgment.  Respondent filed a Motion to Dismiss the petition on March 23, 2006.

The Court has considered all submissions.  Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer the Petition, the Motion to Dismiss will be granted, the Motions to Amend and for Summary Judgment will be dismissed, and the Petition will be dismissed, without prejudice, for lack of jurisdiction.

## BACKGROUND

Petitioner was convicted for drug offenses in the United States District Court for the Eastern District of Michigan.  On December 6, 2002, he was sentenced by that court to 138 months imprisonment, followed by an eight-year supervised release term.

Petitioner argues that the supervised release term constitutes a multiple punishment in violation of the Double Jeopardy Clause of the Fifth Amendment.  He argues that Title 18 U.S.C. § 3583, which authorizes supervised release "as part of the sentence," cannot be interpreted to mean "in addition to" the sentence.

## DISCUSSION

As Respondent asserts in its Motion to Dismiss, although labeled as a § 2241 petition, the Court must first decide the

2

threshold issue of whether Petitioner's claim for relief is cognizable under § 2241, or only under § 2255.

Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody. A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment. See Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973); see also Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 829-31 (D.N.J. 1996)(noting § 2241 generally appropriate only for claims challenging continued execution of sentence for which immediate or speedier release is appropriate).

Section 2255, which allows collateral review of the sentences of federal prisoners, has been the usual avenue for federal prisoners seeking to challenge the legality of their confinement. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); see also United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is being executed should be brought under § 2241).

Congress amended § 2255 as part of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). As of the AEDPA's effective date of April 24, 1996, a motion to vacate, correct or

3

set aside a sentence under § 2255 must be filed in the sentencing Court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence.  See 28 U.S.C. § 2255.

Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law.  See 28 U.S.C. § 2255.

In this case, Petitioner argues that he is entitled to relief under § 2241 because the warden is forcing him to serve his sentence "in this unconstitutional/unlawful manner." (Petition, p. 2).

This Court disagrees with Petitioner, and finds that Petitioner's claims are more appropriately asserted under § 2255, in a motion to correct, vacate, or set aside his sentence. Petitioner challenges the legality of his confinement under the sentence imposed. The warden's job is to execute the sentence as imposed, not to modify the sentence based on Petitioner's incorrect analysis of the law.[2]

As this Court finds that the instant claims would be more properly asserted in a motion under § 2255 filed in the Eastern District of Michigan, the petition must be dismissed for lack of jurisdiction.[3]

---

[2] It has been held that "18 U.S.C. § 3583 authorizes the imposition of supervised release in addition to the maximum term of imprisonment provided for in the prohibition of the underlying offense." United States v. Candalario, 37 Fed. Appx. 581 at *2 (3d Cir. Mar. 12, 2002)(citing United States v. Jenkins, 42 F.3d 1370, 1371 (11th Cir. 1995)); see also O'Shea v. United States, 2005 WL 3440628 at *5 (D.N.J. Dec. 13, 2005)(unpubl.)(denying Petitioner's claim in § 2255 motion that supervised release term which exceeded statutory maximum sentence violated his constitutional rights); United States v. Robinson, 62 F.3d 1282, 1285-86 (10th Cir. 1995); United States v. Jamison, 934 F.2d 371, 73 (D.C. Cir. 1991).

[3] The United States Court of Appeals for the Third Circuit has recognized that under certain very rare situations, a prisoner who cannot satisfy the gatekeeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against the filing of successive petitions. See Dorsainvil, 119 F.3d at 251. However, the Third Circuit emphasized that a prisoner's inability or failure to comply with those gatekeeping requirements generally does not render § 2255 "inadequate or ineffective" so as to permit resort to § 2241, noting that such a holding "would effectively eviscerate Congress's intent in amending § 2255." Id.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. 28 U.S.C. § 2244.

In this case, it does not appear to be in the interests of justice to transfer the matter to the Court of Appeals for the Sixth Circuit for authorization as a second or successive filing under § 2255. As noted in footnote 2 of this Opinion, Petitioner's claim lacks merit. However, the Court will dismiss

---

Here, Petitioner states that he previously filed a § 2255 motion which is pending. Petitioner here does not make a Dorsainvil claim. The Court notes that were he to make such a claim, it would be dismissed, as Petitioner has not demonstrated that the Dorsainvil exception would apply to his case. This exception, which addresses what makes a § 2255 motion "inadequate and ineffective" is satisfied "where the denial of a habeas action would raise serious constitutional issues." Id. (citing Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997); Dorsainvil, 119 F.3d at 249). In the Triestman and Dorsainvil cases, the serious constitutional issue was "that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal." Id. (citing Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251). In this case, the petitioner makes no valid argument that the conduct for which he was convicted is no longer criminal due to substantive changes in the law.

the petition, without prejudice to Petitioner raising his claims in the proper court, should he decide to do so.[4]

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss will be granted.  The petition will be dismissed, without prejudice, for lack of jurisdiction.  Petitioner's Motions to Amend and for Summary Judgment will also be dismissed.  An appropriate Order accompanies this Opinion.

                                        S/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge


Dated: April 28, 2006

---

[4] The Court also dismisses Petitioner's Motion for Summary Judgment, filed on March 22, 2006, for the reasons discussed in this Opinion.  Petitioner argues again in the Motion that there are no disputed facts, and that his sentence was illegal and unconstitutional.  Likewise, Petitioner's Motion to Amend asks the Court to allow him to amend his Petition to change his claims for relief.  As this Court lacks jurisdiction over the Petition, and the Motions do not affect that holding, the Motions will also be dismissed.