**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

ANTHONY KIRKSEY,                :
                                :   Civil Action No. 06-477 (RBK)
            Petitioner,         :
                                :
      v.                        :        **O P I N I O N**
                                :
CHARLES E. SAMUELS,             :
                                :
            Respondent.         :

**APPEARANCES:**

Anthony Kirksey, Pro Se         John Andrew Ruymann
#13226-039                      Assistant U.S. Attorney
F.C.I. Fort Dix                 402 East State Street
P.O. Box 7000                   Room 430
Fort Dix, NJ 08640              Trenton, NJ 08608
                                Attorney for Respondent

**KUGLER**, District Judge

   This matter is before the Court on petitioner's Motion to Alter or Amend Judgment, pursuant to Fed. R. Civ. P. 59(e). Petitioner asks for reconsideration of this Court's Order of April 28, 2006, denying Petitioner's request for habeas corpus relief. Having considered the motion pursuant to Fed. R. Civ. P. 78, the Court will deny the motion.

                          **BACKGROUND**

   Petitioner is currently incarcerated at the Federal Correctional Institution, Fort Dix, New Jersey. Petitioner was convicted for drug offenses in the United States District Court for the Eastern District of Michigan. On December 6, 2002, he

was sentenced by that court to 138 months imprisonment, followed by an eight-year supervised release term.

In his habeas petition, Petitioner argued that the supervised release term constituted a multiple punishment in violation of the Double Jeopardy Clause of the Fifth Amendment. He argued that Title 18 U.S.C. § 3583, which authorizes supervised release "as part of the sentence," cannot be interpreted to mean "in addition to" the sentence.

This Court held, in an Opinion and Order dated April 28, 2006, that Petitioner's claims were more appropriately asserted under § 2255, in a motion to correct, vacate, or set aside his sentence filed in the sentencing court, granted Respondent's motion to dismiss, and dismissed the petition for lack of jurisdiction.

In this motion, Petitioner argues that the Court failed to consider his response in opposition to the motion to dismiss and in support of his various other motions. (Docket entry 14). In his response to the motion to dismiss, Petitioner had asserted that because his petition was a "mixed challenge to both the 'execution of his sentence,' and the 'validity of his sentence'", he wished to supplement his pleadings. (Docket entry 11-1, p. 3). Petitioner argues in this motion that his request to supplement was either neglected or refused, causing him "severe prejudice." (Docket entry 14, p. 4).

**DISCUSSION**

**A.    Rule 59(e)**

Federal Rule of Civil Procedure 59(e) states: "Any motion to alter or amend a judgment shall be filed not later than 10 days after entry of the judgment."[1]  Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence), cert. denied, 476 U.S. 1171 (1986).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp., 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the

---

[1]    In the instant case, Petitioner's motion to amend was dated May 6, 2006, within the ten-day time limit.

appellate process.  See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion."  Assisted Living, 996 F. Supp. at 442.  Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."  Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner fails to present any new facts in support of his Motion, nor does he point to any intervening change in the law governing those claims.  This Court has again reviewed the docket, and notes that Petitioner's response to the motion to dismiss was filed on April 11, 2006.  The Opinion and Order granting the motion to dismiss were executed on April 28, 2006.  The Opinion states that "[t]he Court has considered all submissions."  (Docket entry 12, p.2).

Regardless, the Court has again reviewed Petitioner's response to the motion to dismiss, filed on April 11, 2006, and finds that it does not change the disposition of the case.  Although Petitioner states that his Petition presented a "mixed" challenge, to challenge both the validity and the execution of his sentence, this Court finds no support to that claim.  The

4

Court also notes that Petitioner is free to file another § 2241 habeas petition if he has additional, proper habeas claims which he wishes to assert.  Petitioner is also free to appeal this Court's decision to the Court of Appeals for the Third Circuit.

Therefore, because nothing Petitioner presents in support of his motion suggests that the Court has overlooked key evidence or has made a fundamental error in law, his motion to alter or amend judgment will be denied.

## **CONCLUSION**

For the reasons set forth above, Petitioner's motion to alter or amend the Court's April 28, 2006 Order is hereby denied.

An appropriate Order accompanies this Opinion.


                                          S/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge


DATED:    September 22,   2006